| 107 | 687 |
| 134 | 4 47 |

## MAIER *v.* MASSACHUSETTS BENEFIT ASSOCIATION.

1. LIFE INSURANCE—EVIDENCE—PROOFS OF DEATH.
     Where, in an action on a life-insurance policy, the defendant
     refuses to admit that the proofs of death submitted by the
     plaintiff were in full compliance with the requirements of the
     policy, it is not error to permit such proofs to be introduced
     and read in evidence.   *Cook* v. *Insurance Co.*, 84 Mich. 12,
     distinguished.

2. SAME—TRIAL—ORDER OF PROOF.
     A life-insurance policy provided that the death of the insured in
     consequence of the use of intoxicating liquors was a risk not
     contemplated or covered by the contract, and against which
     the company did not insure.   In an action on the policy, the
     defendant having introduced testimony tending to show that
     the insured died from the effects of intoxication, the plaintiff
     was permitted, on rebuttal, to introduce evidence as to the

habits of the insured with reference to the use of liquor. *Held*, that there was no abuse of discretion.

3. SAME—CAUSE OF DEATH—QUESTION FOR JURY.

In such action, the attending physician, a witness for the plaintiff, testified that the insured died of pneumonia, while two other physicians, who were sworn as experts on behalf of the defendant, testified that, in their opinion, the symptoms detailed by the attending physician were attributable to the use of intoxicating liquors. Conflicting testimony was also introduced regarding the extent to which the insured indulged in the use of intoxicants. *Held*, that the question as to the cause of death was properly submitted to the jury.

4. TRIAL—INSTRUCTIONS TO JURY.

A judgment will not be reversed because of inconsistencies in the charge of the court, where it is apparent that the jury were not misled thereby.

Error to Wayne; Donovan, J. Submitted December 6, 1895. Decided December 24, 1895.

*Assumpsit* by Elizabeth Maier against the Massachusetts Benefit Association on a life-insurance policy. From a judgment for plaintiff, defendant brings error. Affirmed.

*Griffin & Warner*, for appellant.

*James H. Pound*, for appellee.

GRANT, J. This is a suit upon a policy of life insurance issued by the defendant to Martin Maier, plaintiff's husband, and made payable to her. On August 23, 1881, Mr. Maier applied for a policy in the Western Union Mutual Life & Accident Society of the United States. November 4, 1891, the defendant reinsured Mr. Maier upon the same application that was made to the other company, which application was made a part of the present policy. The two conditions of the policy upon which the defense is based are as follows:

" Death of the insured, in consequence of the use of

intoxicating liquors or narcotics, or by his own hand or act, whether sane or insane, whether the act be voluntary or involuntary, within three years from the date hereof, is a risk not contemplated or covered by this contract, and against which this association does not insure.

" If the insured shall fall into the habit of becoming intoxicated, or into the habitual use of narcotics, or shall have delirium tremens within three years from the date hereof, then this contract shall be void, and in such event the insured hereby authorizes and directs this association to cancel this contract, and return to him the sum of all payments made thereon, which sum he agrees to accept, for himself, his heirs, or assigns, in full and complete settlement of all liability of said association under this contract."

Mr. Maier died November 22, 1893. The defense was that he died from the effects of the use of intoxicating liquors.

1. The court admitted, and permitted to be read in evidence, the proofs of death. It was essential for the plaintiff to prove that she had submitted such proofs, because they were required by the policy. Plaintiff's counsel had given notice to the defendant to produce them, which was done, whereupon he offered them in evidence, stating that he did not offer them as any evidence of the facts therein contained, but only to show that plaintiff had complied with the conditions of the policy in this regard. Defendant's counsel objected to the paper as incompetent and inadmissible, and also that there was " no proper proof of the paper." The paper was then admitted and read. Before this, plaintiff had shown by one Watkins that he had notified the defendant of Mr. Maier's death, and in reply had received blank proofs of loss, and that this was the paper which he had received, filled out, and forwarded to it. One Hammond was then introduced as a witness, and testified to the execution of the paper. Upon objection being made to this testimony, counsel for plaintiff stated that all this testimony might be

stricken out if the defendant would admit that the proofs of loss were regular. Counsel did not comply with this offer. Under this state of facts the proofs were admissible, and the case of *Cook* v. *Insurance Co.*, 84 Mich. 12, has no application.

Other assignments of error are based upon the admission and exclusion of testimony. We find no substantial error in the rulings of the court. They are not of sufficient importance to the profession to require discussion.

2. Complaint is next made of certain remarks of plaintiff's counsel. It is virtually conceded that any one of such remarks, standing alone, is not of sufficient importance to justify a reversal. They were made during controversies between counsel in arguing objections made to the testimony. One remark was promptly held objectionable by the court. The case was very earnestly and warmly contested on both sides. We think the remarks were not of such a character as to justify us in holding that the case should be reversed for that reason.

3. After the defendant had rested its case, the court permitted plaintiff to introduce evidence as to Mr. Maier's habits before his death, and in rebuttal of the defendant's testimony that he died from the effects of intoxication. This was a matter resting in the sound discretion of the court, and we see no reason for holding that it was abused.

4. It is insisted, on behalf of the defendant, that it had conclusively proved that Mr. Maier's death was the result of the use of intoxicating liquors, and that the court should have so instructed the jury. Dr. Stewart, his attendant physician, whose standing in the profession is high, testified that he was called to see him in the evening, that he was suffering from bronchial or catarrhal pneumonia, that he died before morning, and that this disease was the cause of his death. Two prominent physicians were introduced by the defendant as experts, and gave testimony, upon hypothetical questions, tending to

show the symptoms of the disease as described by Dr. Stewart to be such as were attributable to the use of intoxicating liquors. These physicians also testified that his family physician would have the best knowledge about it. Were there no other testimony than that of these physicians, we could not hold that there was no conflict of evidence, and that it was conclusively established that death resulted from the use of alcoholic liquor. Both parties introduced considerable testimony as to the habits of the deceased in this respect. The testimony on behalf of plaintiff tended to show that, while he was addicted to the use of intoxicating liquors, such use did not interfere with his attention to business, and did not cause death, while that of the defendant tended to show excessive drinking, which, if true, vitiated the policy. The question was one of fact for the jury, and not of law for the judge.

5. Errors are assigned upon the charge of the court. The sole issue in this case for the determination of the jury was whether Mr. Maier died from the effects of alcoholic drink. In his application for insurance, Mr. Maier stated that he was a moderate user of ardent spirits, malt liquors, and wine. In so far, therefore, as such moderate use had any connection with his death, the defendant was estopped by the terms of the policy. In his oral charge the circuit judge gave certain requests presented on behalf of the plaintiff. At the close of his instructions, he gave the following requests on behalf of the defendant:

" This action is brought by the plaintiff to recover of and from the defendant an amount claimed to be due upon a certain policy of insurance issued by the defendant on the 4th day of November, 1891. In order to recover, it is incumbent upon the plaintiff to establish, to the satisfaction of the jury, that the insured died from the causes not enumerated in the ninth and tenth paragraphs in the rules and conditions of said policy and indorsed thereon; and if the plaintiff has not established, to the satisfaction of the jury, that the insured died from the

causes not enumerated in said paragraphs, then the plaintiff is not entitled to recover.

" The policy in suit, with the conditions attached thereto, constitutes the contract of the insured with the defendant company, and constitutes the measure of the defendant's liability, and no liability attached to the defendant company unless death ensued from the causes plainly enumerated by the terms and conditions of the policy.

" The defendant had a right to frame and issue such a contract of insurance upon the life of the insured, Martin Maier, as it saw fit, and the acceptance of such a policy by the insured constituted the contract between the parties, and constitutes the sole measure of the defendant's liability; and, unless the jury find that death ensued from the causes plainly covered by said policy and insured against, then the plaintiff cannot recover.

" The contract of insurance in this case was between the insured, Martin Maier, and the defendant company. Elizabeth Maier, the plaintiff in this suit, is a beneficiary only under the said policy, and her rights are gauged and measured by the rights of the insured, Martin Maier. She possesses no rights in this case which the insured, Martin Maier, could not possess under the terms and conditions of the policy. The contract was made with him, and said contract is between him and the company, and the rights of the plaintiff are solely dependent upon the contract between the insured, Martin Maier, and said company.

" If the insured, Martin Maier, has violated any of the terms and conditions of his policy, then neither himself, nor his legal representatives, nor his beneficiary, could recover upon such policy; and the plaintiff, therefore, possesses no rights superior to those which arise under the contract which Martin Maier, the insured, himself made with the defendant.

" Paragraph 10 of the conditions and rules upon which the policy in this suit issued provides that the death of the insured in consequence of the use of intoxicating liquors within three years from the date of said policy was a risk not contemplated or covered by such contract, and against which the defendant association did not insure. Such condition was one which the company had a right to make, and it is the duty of the court and jury to give effect to such conditions as made.

" It was the right and privilege of the defendant to except from such policy or contract any liability for a death in consequence of the use of intoxicating liquors as a risk not contemplated or covered by said contract, and, if the jury find that the death occurred in consequence of the use of intoxicating liquors within the three years from the date of the policy, then the plaintiff cannot recover.

" The evidence shows that said policy was issued on November 4, 1891, and that the insured, Martin Maier, died on November 22, 1893, within a period of three years from the date of said policy; and if the jury find, therefore, that the death of the insured ensued in consequence of the use of intoxicating liquors, then the plaintiff cannot recover.

" The exception in the policy under condition 10 was directed against the use of intoxicating liquors. It was a condition which the defendant had a right to make. It was not necessary, in order to entitle the defendant to a verdict herein, that death should have occurred solely in consequence of such excesses.

" If the jury find that the insured, by the use of intoxicating liquors, had so weakened or changed his system that death resulted when it would not have otherwise resulted, then the death is not a risk assumed by the policy, and the plaintiff cannot recover.

" The uncontradicted evidence shows that the insured, Martin Maier, attended the Keeley Cure Institute at Northville, and took treatment for inebriety. The evidence further shows that Martin Maier had been arrested for intoxication, and had been convicted therefor, for which he had been fined, or the sentence suspended. The evidence further tends to show that said Maier was addicted to the use of intoxicating liquors; whether they were liquors or beer, the testimony is a little vague on that point,—liquors of some kind. The evidence of Dr. McLean further tended to show that the use of intoxicating liquors put the system in such a condition that when one is addicted to such use they rarely recover from an attack of pneumonia. If the jury find that the insured had really an attack of pneumonia, and that death resulted from the use of intoxicating liquors when it would not have otherwise resulted, then the plaintiff cannot recover. Dr. McLean gave other instances how they might die of

it. You heard his explanation, and I need not comment upon it.

" The plaintiff is bound to show by a preponderance—well, I will say, to the satisfaction of the jury—that the death of said Maier did not occur in consequence of the use of intoxicating liquors. I think the fair preponderance is the other way. They assume to say that it was caused by intoxicating liquors, and on the face of the return made to the company, *prima facie*, Dr. Stewart showed that it was not. So that I will leave that to the jury. And if the jury are in doubt as to whether death did so occur, then the plaintiff has not established her case by a preponderance of evidence, and the plaintiff cannot recover.

" The eleventh paragraph of the conditions provides that if the insured shall fall into the habit of becoming intoxicated, or shall have delirium tremens, within three years from the date hereof, then such contract should be void. I do not remember any testimony on this question of delirium tremens. I do not remember—it will be for you—whether he changed his habits materially from the time he made the original application to the time of his death. I will leave that to the jury. Such condition was a valid condition, which the company had a right to make, and if the jury find that the said insured, Martin Maier, had fallen into such habit of becoming intoxicated, or did have delirium tremens, after the issuing of said policy, to wit, after the 4th day of November, 1891, then the said contract became void, and the plaintiff cannot maintain an action thereon.

" The act of the defendant in defending suit upon the policy acts as a repudiation upon the policy, and a cancellation thereof.

" It is claimed—I will leave to the jury whether it is shown—that the defendant had knowledge that the insured, Martin Maier, was in the habit of becoming intoxicated at the time of the issuance of the policy. Paragraph 11 of the policy is directed against the habit of becoming intoxicated, and, if the jury find that that habit existed after the issuance of the policy, then the conditions of said paragraph 11 are effective, and the plaintiff cannot recover."

These instructions fully presented the defendant's

theory, and were certainly as favorable as it had any right to ask. There were some inconsistencies in the charge of the court between these and the other portions of the instructions. We think, however, that the jury could not have been misled by them. They were distinctly instructed that, if death resulted from the use of alcoholic liquors, there could be no recovery.

We find no error in the record, and the judgment is affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. MC-GRATH, C. J., did not sit.